OPINION
{¶ 1} Defendant-appellant Michael Daddario appeals from the January 27, 2003, Judgment Entry of the Stark County Court of Common Pleas which overruled appellant's motion for judicial release as being filed prematurely. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 6, 2002, appellant pled guilty to one count of engaging in a pattern of corrupt activity, a felony of the first degree, one count of theft from an elderly or disabled adult, a felony of the second degree, three counts of theft from an elderly or disabled adult, felonies of the third degree and three counts of theft from an elderly or disabled adult, felonies of the fifth degree. On March 13, 2002, appellant was sentenced to serve a determinate prison sentence of seven years.[1] Pursuant to R.C. 2929.20, appellant was eligible for judicial release no earlier than after serving five years of the stated prison term. R.C. 2929.20(B)(4).
 {¶ 3} On January 21, 2003, after serving 180 days of his prison sentence, appellant filed a motion for judicial release pursuant to R.C.2929.20. On January 27, 2003, the trial court issued a Judgment Entry which summarily overruled appellant's motion, finding that appellant's motion was filed prematurely.
 {¶ 4} It is from the January 27, 2003, Judgment Entry that appellant appeals, raising the following assignment of error:
 {¶ 5} "Ohio Revised Code Section 2929.20 is unconstitutional on its face and as it applies to appellant under the equal protection clause of the United States and Ohio consitutions and therefore the trial court abused its discretion in denying appellant's motion for Judicial release as being filed prematurely."
 {¶ 6} Revised Code 2929.20, sets forth the requirements of judicial release. It establishes a graduated system whereby an offender may file a motion for judicial release earlier or later, depending on the seriousness of the offense and the length of the sentence imposed. Revised Code 2929.20(B) states in pertinent part as follows:
 {¶ 7} "Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. . . . An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time:
 {¶ 8} "(1)(a) . . . if the stated prison term was imposed for a felony of the fourth or fifth degree, the eligible offender may file the motion not earlier than thirty days or later than ninety days after the offender is delivered to a state correctional institution.
 {¶ 9} "(b) If the stated prison term is five years and is an aggregate of stated prison terms that are being served consecutively and that were imposed for any combination of felonies of the fourth degree and felonies of the fifth degree, the eligible offender may file the motion after the eligible offender has served four years of the stated prison term.
 {¶ 10} "(c) If the stated prison term is more than five years and not more than ten years and is an aggregate of stated prison terms that are being served consecutively and that were imposed for any combination of felonies of the fourth degree and felonies of the fifth degree, the eligible offender may file the motion after the eligible offender has served five years of the stated prison term.
 {¶ 11} "(2) . . . if the stated prison term was imposed for a felony of the first, second, or third degree, the eligible offender may file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution.
 {¶ 12} "(3) If the stated prison term is five years, the eligible offender may file the motion after the eligible offender has served four years of the stated prison term.
 {¶ 13} "(4) If the stated prison term is more than five years and not more than ten years, the eligible offender may file the motion after the eligible offender has served five years of the stated prison term.
 {¶ 14} "(5) If the offender's stated prison term includes a mandatory prison term, the offender shall file the motion within the time authorized under division (B)(1), (2), (3), or (4) of this section for the nonmandatory portion of the prison term, but the time for filing the motion does not begin to run until after the expiration of the mandatory portion of the prison term."
 {¶ 15} Appellant argues in his sole assignment of error that the trial court erred in denying him judicial release under R.C. 2929.20
since the statute is unconstitutional. Specifically, appellant argues that the time restrictions for filing motions for judicial release found at R.C. 2929.20(B)(4) violate equal protection.
 {¶ 16} First, this court notes that statutes are presumed constitutional unless they are shown beyond a reasonable doubt to violate a constitutional provision. See, e.g., Fabrey v. McDonald Village PoliceDept., 70 Ohio St.3d 351, 352, 1994-Ohio-368, 639 N.E.2d 31, 33.
 {¶ 17} Appellant does not allege that he belongs to a suspect class, or that he is being punished for exercising a fundamental right. Since neither a suspect class or fundamental right is involved in appellant's equal protection challenge, the legislation passes constitutional muster "if the state can show a rationale basis for the unequal treatment of different groups."[2] Fabrey,70 Ohio St.3d at 353. In other words, legislation which does not touch upon a suspect class or fundamental right is unconstitutional only if it bears no relation to legitimate state goals and no ground can be conceived to justify them. Clements v. Fashing (1982), 457 U.S. 957, 963,102 S.Ct. 2836, 73 L.Ed.2d 508.
 {¶ 18} We find that R.C. 2920.20(B), as applied to appellant, survives appellant's challenge. Appellant was sentenced to a total of seven years. Accordingly, appellant becomes eligible for judicial release after serving five years of that sentence.
 {¶ 19} We find that there is a rational and reasonable basis for the graduated system imposed by R.C. 2920.20(B). In this case, the general assembly has rationally and reasonably decided that offenders sentenced to prison terms of greater than five years but less than ten years are serious enough offenders that society should be protected from them for a greater amount of time than offenders serving lesser terms of imprisonment.
 {¶ 20} Appellant also asserts that his co-defendants were granted judicial release after their initial request. The record reflects that a co-defendant, Harry James Kutscher, Jr., was convicted of one count of theft from an elderly person or disabled adult, in violation of R.C.2913.02(A)(3), a felony of the third degree and three counts of theft from an elderly person or disabled adult, in violation of R.C.2913.02(A)(3), felonies of the fifth degree. Kutscher was sentenced to a prison term of three years on the third degree felony charge of theft from an elderly person or disabled adult. The sentencing for the fifth degree felonies of theft from an elderly person or disabled adult was deferred. As such, the co-defendant was convicted of lesser degree felonies and sentenced to a shorter term of imprisonment. As stated above, the general assembly has a rational and reasonable basis to treat offenders convicted of more serious offenses differently than offenders convicted of less serious offenses.
 {¶ 21} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 22} The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, P.J. and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Specifically, with regard to the count of engaging in a pattern of corrupt activity (F1), appellant was given a definite sentence of four years. With regard to the count of theft from an elderly or disabled adult (F2), appellant was given a definite sentence of three years. The trial court ordered that the F1 and F2 sentences were to run consecutively. With regard to the three counts of theft from an elderly or disabled adult (F3's), appellant was given a definite sentence of one year on each count. With regard to the three counts of theft from an elderly or disabled adult (F5's), appellant was given a definite sentence of 18 months on each count. All of the F3's and F5's were ordered to run concurrently with each other and concurrent to the sentences for the F1 and F2 offenses.
[2] The standard for determining violations of equal protection is the same under state and federal law. Beatty v. Akron City Hospital (1981),67 Ohio St.2d 483, 424 N.E.2d 586.